**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANJEEV DEEPAK, | No. 04-71637 |
| Petitioner, | Agency No. A78-673-357 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| KIRAN DEVI, | No. 05-72449 |
| Petitioner, | Agency No. A96-191-210 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2010[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA and BEA, Circuit Judges, and READE, Chief District Judge.[***]

Petitioners Sanjeev Deepak and Kiran Devi, husband and wife and natives and citizens of India, petition for review of the Board of Immigration Appeals's ("BIA") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

**I.**

The Immigration Judge ("IJ") denied Deepak's applications because he found that Deepak was not credible. The BIA affirmed without opinion. Deepak challenges the IJ's decision in all respects and also argues that if we find that the IJ's credibility finding was improper, we should address the issue of statutory eligibility for withholding and asylum when the Executive Office for Immigration Review considers statutory eligibility and when the government has not claimed that a petitioner is ineligible for relief.

The IJ denied Devi's applications because he found that she was not credible and she failed to present evidence that demonstrated past persecution or a well-founded fear of future persecution. The IJ also denied Devi's motion to change venue. On appeal to the BIA, Devi challenged the IJ's findings in all respects. Also, for the first time on appeal to the BIA, Devi: (1) challenged a basis for removal; and (2) argued that, by denying her motion to change venue, the IJ

---

[***] The Honorable Linda R. Reade, United States District Court Judge for the Northern District of Iowa, sitting by designation.

denied her constitutional right to counsel. The BIA found that even if Devi's testimony was credible, she failed to prove she was eligible for relief or protection. The BIA also found no error in the IJ's denial of the motion to change venue and found no merit in Devi's challenges to the basis of her removeability or her right to counsel. We deny both petitions.[1]

## II.

Substantial evidence supports the IJ's finding that Deepak was not credible and that asylum relief was not appropriate. We will uphold an adverse credibility finding so long as the IJ or the BIA provided at least one "specific, cogent reason" that "go[es] to the heart of [the] asylum claim." *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (citations and internal quotation marks omitted). Here, the IJ cited a number of specific inconsistencies in Deepak's story, many of which relate to the plausibility of Deepak's claim that he was hiding from the police during the months leading up to his departure from India. These inconsistencies go to the heart of Deepak's claim that he was persecuted by the Indian police because of his association with the Dal Khalsa political group.

Among other facts, the IJ identified the following conduct that occurred while Deepak was allegedly hiding from the police: (1) he maintained contact with his family in New Delhi and managed to meet with them in person for several

---

[1] Because the parties are familiar with the facts of these cases, we repeat them here only to the extent necessary to explain our decision.

hours; (2) he continued to manage his business by fulfilling certain contractual obligations to customers over the phone and at his customers' places of business; (3) he visited the United States embassy in New Delhi at least three times in an effort to secure a non-immigrant visa to the United States; (4) he obtained a stamp in his passport from the Indian government on October 10, 1999; (5) he visited his accountant to complete an income tax form; and (6) he testified that he went into hiding after his third arrest in June of 1999, which is inconsistent with his representation in his asylum application that he went into hiding in October of 1999. All of these facts are inconsistent with a person who is hiding from the police. Deepak failed adequately to explain these inconsistencies.

The IJ cited other purported inconsistencies, and even if we assume that they are either factually unsupported or irrelevant, the IJ's decision is nevertheless supported by substantial evidence. That is, at least one of the IJ's identified grounds for the adverse credibility finding is supported by substantial evidence and goes to the heart of Deepak's claim of persecution; therefore, we are bound to accept the IJ's adverse credibility finding. *Id.*

Because substantial evidence supports the IJ's adverse credibility finding, the BIA did not err when it denied Deepak's application for withholding of removal. *See id.* (holding that an alien is not eligible for withholding of removal unless he can prove it is more likely than not that he will be persecuted on account

4

of a statutorily protected ground).  Further, the IJ did not err when he denied Deepak's application for CAT relief because Deepak failed to show "it is more likely than not that he [. . .] would be tortured if removed to [India]."  8 C.F.R. § 208.16(c)(2).  Because we do not disagree with the IJ's credibility finding, we need not reach Deepak's argument that is related to statutory eligibility.

### III.

Substantial evidence supports the BIA's finding that Devi failed to establish past persecution or a well-founded fear of future persecution from the Indian police and that asylum is therefore inappropriate.  Devi's claim of past persecution is limited to unenforced threats and pushing by the Indian police.  Even when considered cumulatively, this conduct is not "marked by the infliction of suffering or harm," and therefore does not rise to the level of past persecution.  *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (internal quotation marks and citation omitted).  To establish a well-founded fear of future persecution, Devi had to demonstrate "a subjectively genuine and objectively reasonable" fear of future persecution in India.  *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (internal quotation marks and citation omitted).  Devi failed to establish either a subjective or objective fear.  Devi did not establish a subjective fear, because she only claimed that she was afraid of and nervous about repeated visits from the police—she did not claim that she feared persecution or harm upon return to India.

Devi also failed to adduce any evidence to support an objective fear of persecution upon a return to India.

Because substantial evidence supports the BIA's finding that Devi had not proven past persecution or a well-founded fear of future persecution, the BIA did not err when it denied Devi's application for withholding of removal. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (noting that the "clear probability" evidentiary standard for withholding of removal "is more stringent than the well-founded fear standard for asylum"). Further, the BIA did not err when it denied Devi's application for CAT relief because Devi failed to show "it is more likely than not that [s]he [. . .] would be tortured if removed to [India]." 8 C.F.R. § 208.16(c)(2).

After reviewing the record, we conclude that the IJ did not abuse his discretion when he denied Devi's motion to change venue from San Diego to San Francisco. An IJ, "for good cause, may change venue only upon motion by one of the parties[.]" 8 C.F.R. § 1003.20(b). The IJ denied the motion to change venue in light of the government's intent to call a witness, who was located near San Diego. The IJ's decision properly and carefully weighed the factors relevant to Devi's motion. Further, Devi does not argue that she was prejudiced or unduly burdened by having her case heard in San Diego.

We decline to reach any additional arguments Devi raised before the BIA, but does not raise in her petition for review because those issues have been waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**DENIED.**